UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONFLUENT, INC.,<br>　　　　Plaintiff,<br>　　v.<br>SLOWER, LLC,<br>　　　　Defendant. | Case No. 24-cv-04447-SVK<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br>Re: Dkt. No. 21 |

Plaintiff Confluent, Inc. ("Plaintiff" or "Confluent") develops and sells subscriptions to cloud services and software data streaming products. Dkt. 1 (Complaint) ¶ 1. Defendant Slower, LLC ("Defendant" or "Slower") entered into a Reseller Agreement and a Partner Agreement with Confluent. *Id.* ¶¶ 11-20. Confluent filed this lawsuit on July 23, 2024. *Id.* The Complaint contains five causes of action: (1) breach of contract; (2) intentional interference with prospective economic advantage; (3) violation of the California Uniform Trade Secrets Act ("CUTSA"); (4) violation of California Business and Professions Code § 17200; and (5) federal unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). *Id.* All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 10, 19.

Now before the Court is Defendant's motion to dismiss the second, third, and fourth causes of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. 21. Defendant's motion to dismiss does not challenge the first or fifth causes of action in the Complaint. *Id.* Plaintiff filed an opposition to the motion to dismiss (Dkt. 25), and Defendant filed a reply (Dkt. 26).

This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons that follow, the motion to dismiss is **GRANTED IN PART and DENIED IN PART**.

## I.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the court must presume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).

If a motion to dismiss is granted, the court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## II.   DISCUSSION

There is little material dispute between the Parties regarding the required elements of each challenged cause of action; their dispute instead centers on whether Plaintiff has adequately pleaded those elements. *See generally* Dkt. 21, 25. Accordingly, to promote judicial efficiency and provide useful guidance to the Parties, this order focuses primarily on the deficiencies in the Complaint. Because it is not clear that these deficiencies cannot be cured by amendment, Plaintiff is **GRANTED LEAVE TO AMEND** the Complaint.

### A.   Second Cause of Action (Intentional Interference with Prospective Economic Advantage)

Plaintiff's second cause of action for intentional interference with prospective economic advantage is **DISMISSED WITH LEAVE TO AMEND** for the following reasons:

1.  The Complaint fails to adequately allege an independently wrongful act. The Parties agree that an element of a claim for intentional interference with prospective economic advantage is that the defendant engaged in an "independently wrongful act." *See* Dkt. 21 at 3; Dkt. 25 at 6. Confluent's interference claim is premised on the decision of "Customer C" to decline to renew its Confluent subscription for the twelve-month period following March 28, 2024. Dkt. 1 ¶ 47.

    a.  Confluent alleges on information and belief that "Slower intentionally coordinated with Competitor A to poach Customer C." Dkt. 1 ¶ 49; *see also id.* ¶¶ 31-39. The Complaint also alleges that Slower improperly disclosed Confluent's confidential customer information to "Competitor A," which allowed Slower and Competitor A "to work together to poach Confluent customers." *Id.* ¶¶ 37, 49. The Complaint fails to include sufficient factual allegations regarding the mechanism by which Confluent alleges Slower and Competitor A worked together to poach Customer C or any other Confluent customer, or the way in which Slower "deal[t] with third parties in a manner that was detrimental to Confluent." *Id.*

    b.  The Complaint alleges that Slower sent various emails to Customers A and B. *Id.* ¶¶ 31-35.[1] The Complaint further alleges on information and belief that "Slower sent the same or similar misleading emails to other Confluent customers" including Customer C. *Id.* ¶ 35. The Complaint does not adequately allege

---

[1] Although the terminology in the Complaint is somewhat confusing, it appears that "Competitor A" is a different entity than "Customer A."

3

facts upon which Confluent's "information and belief" that Slower had misleading communications with Customer C is based.

2. Defendant's argument that the claim for intentional interference with prospective economic advantage should be dismissed because it is preempted by CUTSA is **DENIED WITHOUT PREJUDICE** to Defendant's ability to make that argument later in the case. "California courts have ruled that CUTSA's comprehensive structure and breadth suggests a legislative intent to occupy the field, and that CUTSA preempts common law claims that are based on the same nucleus of facts as the misappropriation of trade secrets claim for relief." *NetApp., Inc. v. Nimble Storage, Inc.*, 41 F. Supp. 3d 816, 839 (N.D. Cal. 2014) (citing *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal.App.4th 939, 954–58, 90 Cal.Rptr.3d 247 (2009))." The test for whether a claim overlaps with the CUTSA involves "a factual inquiry, one that examines the conduct alleged in the claim." *NetApp*, 41 F. Supp. 3d at 839 (citing *K.C. Multimedia,* 171 Cal. App.3d at 958). "At the pleadings stage, the supersession analysis asks whether, stripped of facts supporting trade secret misappropriation, the remaining factual allegation can be reassembled to independently support other causes of action." *Auris Health, Inc. v. Noah Med. Corp.*, No.220cv08073-AMO, 2023 WL 7284126, at *8 (N.D. Cal. Nov. 3, 2023). Because in this section and in section II.B. below the Court is granting Confluent leave to amend its claims for intentional interference with prospective economic advantage and for trade secret misappropriation to allege necessary facts, it would be premature to conduct a preemption analysis based on the deficient allegations of the present Complaint.

4

   3. Defendant's motion to dismiss the second cause of action on grounds other than those specified in the preceding paragraphs is **DENIED**.

### B. Third Cause of Action (CUTSA)

Plaintiff's third cause of action under CUTSA is **DISMISSED WITH LEAVE TO AMEND** for the following reasons:

   1. The Parties agree that under appropriate circumstances, a customer list may be entitled to trade secret protection under California law. Dkt. 21 at 4-5; Dkt. 25 at 8-9. However, to state a claim for misappropriation of trade secrets, the plaintiff must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." *Calsoft Labs, Inc. v. Panchumarthi*, No. 19-CV-04398-NC, 2020 WL 512123, at *6 (N.D. Cal. Jan. 31, 2020) (quoting *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868 881 (N.D. Cal. 2018)). The Complaint in this case fails to do so in the following respects:

     a. The Complaint fails to specify the information that comprises the "customer lists." *See Calsoft*, 2020 WL 512123, at *7 (contrasting insufficient description of customer list trade secret to cases in which plaintiffs explained the contents of the customer lists, such as names, addresses, telephone numbers, and details of products/services purchased by customers).

     b. The allegations of the Complaint are conclusory in that they do not provide any specifics regarding Confluent's "extensive investment of human and economic capital over a period of many years" to

5

develop the customer lists.  *See* Dkt. 1 ¶ 52; *see also CleanFish, LLC v. Sims,* No. 19-cv-03663-HSG, 2020 WL 1274991, at *10 (N.D. Cal. Mar. 17, 2020).

  c. The allegations of the Complaint are also conclusory in that they do not explain how the customer lists "derive value from not being generally known to the public."  See Dkt. 1 ¶ 52.  "Although the standard to show that trade secrets derive independent economic value is not a high standard' …  courts recognize that merely reciting this element in a pleading is insufficient to state a claim for trade secret misappropriation."  *Cisco Sys., Inc. v. Chung*, 462 F. Supp. 3d 1024, 1052 (N.D. Cal. 2020) (internal punctuation marks and citation omitted).

### C. Fourth Cause of Action (Business & Professions Code § 17200)

Plaintiff's sole argument for dismissal the fourth cause of action under California Business & Professions Code § 17200 is that the claim is preempted by CUTSA.  Dkt. 21 at 10-11.  For the same reasons discuss in Section II.A.2. above, Defendant's motion to dismiss the section 17200 claim on this ground **DENIED WITHOUT PREJUDICE** to Defendant's ability to make that argument later in the case, after Confluent amends its claim for trade secret misappropriation.

### III. CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

1. Defendant's motion to dismiss the second, third, and fourth causes of action is **GRANTED WITH LEAVE TO AMEND.**
2. If Plaintiff wishes to attempt to address the deficiencies identified in this order, it may file a First Amended Complaint ("FAC") no later than **February 11, 2025.**
3. Defendant must file a response no later than **fourteen (14) days** after the FAC is filed**.**

4. If Defendant responds by filing a motion to dismiss the FAC, the normal briefing schedule of Civil Local Rule 7-3 will apply. The Court will inform the parties if a hearing is necessary.

5. An Initial Case Management Conference will be held on **April 8, 2025 at 9:30 a.m.**, with a Joint Case Management Statement due on **April 1, 2025.**

**SO ORDERED.**

Dated: January 28, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

7