UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONFLUENT, INC.,<br><br>       Plaintiff,<br><br>    v.<br><br>SLOWER, LLC,<br><br>       Defendant. | Case No. 24-cv-04447-SVK<br><br>**ORDER GRANTING DEFENDANT'S REQUEST FOR STAY AND CONTINUANCE**<br><br>Re: Dkt. No. 52 |

On July 2, 2025, Plaintiff Confluent Inc. ("Confluent") filed a Motion to Dismiss Defendant Slower, LLC's ("Slower's") counterclaims in this matter. Dkt. 51. On July 16, 2025, in lieu of an opposition to the motion to dismiss, Slower filed a response informing the Court that, "[w]ith no prior notice, counsel for Slower discovered on June 18, 2025 that Slower had been suspended by the" California Franchise Tax Board ("FTB") and requesting a stay of the case while Slower was "tak[es] steps to revive its corporate status." Dkt. 52 (the "Request") (emphasis omitted). Confluent opposes the Request. Dkt. 54. Having considered the Parties' submissions, the relevant law and the record in this action, the Court **GRANTS** the Request as follows.

I.    **LEGAL STANDARD**

Under its "inherent power to control its own docket and calendar," a district court has broad discretion "to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case," including administrative proceedings. *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). Under California law, the "corporate powers, rights and privileges of an entity may be suspended for the nonpayment of taxes and penalties." *Backcountry.com, LLC v. Backcountry Denim Co., LLC*, No. 19-cv-01323-SBA, 2019 WL 13254067, at *2 (N.D. Cal. June 3, 2019) (citing Cal. Rev. & Tax. Code § 23301) (internal quotation marks omitted). While suspended by the FTB, a "corporation may not

prosecute or defend an action, nor appeal from an adverse judgment in an action while its corporate rights are suspended for failure to pay taxes." *Bourhis v. Lord*, 56 Cal. 4th 320, 324 (2013). Thus, the "normal practice" when a suspended corporation seeks a stay "is to afford a corporation a brief continuance to pursue revival of its powers, rights and privileges, including the right to defend." *Backcountry.com*, 2019 WL 13254067, at *2 (citing *Cadle Co. v. World Wide Hosp. Furniture, Inc.*, 144 Cal. App. 4th 512-13 (2006)). In exercising its discretion and deciding whether or not to grant a stay:

> a court may consider (1) the moving party's diligence; (2) the usefulness of the continuance in allowing the moving party to revive itself; (3) the inconvenience of a continuance to the court and the parties; and (4) the prejudice to either party of granting a continuance.

*Espinoza v. C & C Sec. Patrol, Inc.*, No. C 08-01522 JW, 2008 WL 4482889, at *1 (N.D. Cal. Oct. 2, 2008) (citing *United States v. 2.61 Acres of Land, More or Less, Situated in Mariposa Cnty., State of Cal.*, 791 F.2d 666, 671 (9th Cir. 1985)).

## II.   DISCUSSION

Confluent argues that, based on the first and fourth factors, this Court should exercise its discretion to deny Slower any continuance because (1) Slower was suspended by the FTB on May 1, 2025, yet waited until July 16 to request a stay and (2) with Confluent's motion to dismiss pending, the "stay Slower now requests would give it approximately 45 days to research and draft is opposition to the MTD," prejudicing Confluent. While recognizing some potential prejudice to Confluent, the Court nonetheless disagrees.

As to the first factor, while Slower has been suspended since May 1, 2025 and only moved for a continuance on July 16, 2025, (*see* Dkt. 51-1 at 5;  Dkt. 52), Slower's counsel has explained that it only discovered the suspension on June 18, 2025. Dkt. 52 at 2. Moreover, as Slower explains and as evidenced by the email chains attached to Dkt. 51-1, the Parties immediately began communicating regarding a potential stipulated continuance. *See* Dkt. 51-1 at 7-17. While the Court admonishes Slower that it should have moved for a stay of the case as soon as it learned of its suspended status, rather than waiting to the deadline to oppose Confluent's motion to dismiss, this delay is not so lengthy as to merit a denial of the stay and the resulting consequences.

As to the fourth factor, the Court agrees that, in extreme enough circumstances, there would be some prejudice in allowing Slower an extended time period to research and draft its opposition. But the circumstances here are not so extreme as to deny Slower's request. Indeed, any prejudice to Confluent could be addressed by, *e.g.*, allowing for a supplement to its motion to dismiss or allowing Confluent additional time to prepare its reply. The precise contours of a potential remedy need not be decided at this time, particularly where the Court and the Parties do not yet know how long it will take Slower to ultimately be revived (if it is revived).

Accordingly, the Court **ORDERS** that:

- The case is hereby **STAYED** until **August 22, 2025**;
- The hearing currently set for August 19, 2025 is **VACATED**, to be reset if necessary following completion of briefing on the motion to dismiss; and
- The Parties shall file a joint status report by August 22, 2025, setting forth:
    - The status of Slower's efforts in seeking revival before the FTB including a time line to completion if not yet revived;
    - If Slower has not been revived, either a stipulated request for further stay or an argument, not to exceed one page for each party, why the stay should or should not be extended; and
    - If Slower has been revived, a proposed briefing schedule for Confluent's motion to dismiss. The Parties shall meet and confer in good faith and propose a briefing schedule that addresses any prejudice ultimately cause by the length of the stay. If the Parties cannot agree, they shall instead propose competing briefing schedules.

**SO ORDERED.**

Dated: July 28, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

3