UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

CONFLUENT, INC.,
Plaintiff,
v.
SLOWER, LLC,
Defendant.

Case No. 24-cv-04447-SVK

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS AND/OR STRIKE DEFENDANT'S SECOND AMENDED COUNTERCLAIMS**

Re: Dkt. No. 71

Before the Court is Plaintiff Confluent, Inc.'s ("Confluent") Motion to Dismiss and/or Strike Defendant Slower, LLC's ("Slower") Second Amended Counterclaims. Dkt. 71 (the "Motion"); Dkt. 69 at 15-28 ("SACC"). The Motion follows this Court's Prior Order dismissing and striking some of Slower's allegations and granting leave to amend as to some of the counterclaims. Dkt. 67 ("Prior Order"). In its SACC, Slower maintains three causes of action: (1)-(2) misappropriation of trade secrets under the federal Defend Trade Secrets Act ("DTSA") and California Uniform Trade Secrets Act ("CUTSA") and (3) unfair and unlawful business practices under Cal. Bus. & Prof. Code § 17200 (the "UCL claim"). SACC ¶¶ 48-72. The Court determines that the Motion is suitable for resolution without oral argument. Civil L.R. 7-1(b). Having considered the Parties' submissions, the relevant law and the record in this action, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion

## I. RELEVANT BACKGROUND

The general context of Slower's counterclaims and the procedural history of this action is known to the Parties and the public as set forth in the Court's Prior Order. *See* Dkt. 67 at 2-4. The background herein is drawn from the SACC, which serve as the "operative complaint" on Confluent's Motion to Dismiss the SACC. *See Allbirds, Inc. v. Giesswein Walkwaren AG*, No. 19-cv-05638-BLF, 2020 WL 6826487, at *3 (N.D. Cal. June 4, 2020) ("For the purpose of a

United States District Court
Northern District of California

motion to dismiss counterclaims, the operative 'complaint' in the [Rule 12(b)(6)] standard is the counterclaims. … [T]he court does not consider the complaint or answer." (cleaned up) (internal citations omitted)). However, because the SACC contains many of the same allegations as Slower's first amended counterclaims, the Court does not re-tread the background already described in the Prior Order but rather focuses on the new or different allegations of the SACC. *See, e.g.*, *Bhs Law LLP v. Worldex Indus. & Trading Co.*, No. 25-cv-04471-SVK, 2026 WL 1283927, at *1 (N.D. Cal. May 11, 2026).

First, this Court previously dismissed Slower's counterclaims for breach of contract and breach of the implied covenant of good faith. *See* Dkt. 67 at 7-14. The Court granted leave to amend as to the breach of contract claim with regard to Section 12.1 of the Reseller Agreement only and only to the extent Slower chose to proceed under a breach of contract rather than CUTSA theory. *Id.* at 23-25. Slower has not amended its breach of contract claim. *See, generally*, SACC.

Second, Slower's DTSA and CUTSA counterclaims remain based on the same alleged misappropriation of its Center of Excellence Framework (the "COE Framework") by Confluent via its employee, Derek Kane. SACC ¶¶ 40-47. Slower's SACC amended its damages allegations, which the Court's Prior Order found insufficiently pleaded. Specifically, Slower now seeks "unjust enrichment" for the alleged misappropriation. *Id.* ¶¶ 56, 66. Slower also adds an allegation that Confluent improperly acquired the COE Framework "by falsely promising to maintain the secrecy of the [COE] Framework." *Id.* ¶ 63.

Finally, the Court denied Confluent's prior request to dismiss Slower's UCL claim to the extent it was based on "fraudulent" or "unfair" conduct relating to Customers B-F. Dkt. 67 at 21-22, 25. The Court dismissed the UCL claim to the extent it was based interactions with Customer A, (*see id.*), and to the extent it was based on unlawful trade secret misappropriation because the "unlawful" prong rises or falls with Slower's other claims. *Id.* Slower's UCL claim remains broadly the same in the SACC as it was in the FAC, except for the proper absence of "Customer A" allegations. *Compare* SACC at 16-23, 26-27 *with* Dkt. 47 at 20-27, 33-34.

////

////

United States District Court
Northern District of California

## II. LEGAL STANDARD

### A. Rule 12(b)(6) – Failure to State a Claim

Rule 12(b)(6) provides for a dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff (or counter-plaintiff) must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the claimant to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts generally "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). In deciding a motion under 12(b)(6), a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061. (9th Cir. 2008).

"A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint." *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015). However, as noted above, "[f]or the purpose of a motion to dismiss counterclaims, the operative 'complaint' in the preceding judicial standard is the counterclaims." *Allbirds, Inc.*, 2020 WL 6826487, at *3. "Therefore, the Court accepts as true the facts alleged in the counterclaims and gives no presumption of truth to the allegations in the amended complaint, unless the counterclaimant 'endorses or relies' on those allegations." *PharmacyChecker.com LLC v. LegitScript LLC*, No. 22-cv-252-SI, 2026 WL 207250, at *1 (D. Or. Jan. 27, 2026) (cleaned up) (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989)). Otherwise, "the court does not consider the complaint or answer." *Allbirds, Inc.*, 2020 WL 6826487, at *3.

////

**B. Rule 12(b)(1) – Subject Matter Jurisdiction**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the court has subject matter jurisdiction." *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 900 (N.D. Cal. 2020). "[L]ack of Article III standing requires dismissal for want of subject matter jurisdiction under Rule 12(b)(1)." *Id.* "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a "facial" 12(b)(1) challenge, as is presented here, the Court assumes a plaintiff's factual allegations to be true and draws all reasonable inferences in plaintiff's favor. *Oracle Corp. v. ORG Structure Innovations LLC*, No. 11-cv-3549 SBA, 2012 WL 12951187, at *3 (N.D. Cal. Mar. 30, 2012) (citing *Doe v. See*, 557 F.3d 1066, 1073 (9th Cir. 2009)).

**C. Rule 12(f) – Motion to Strike**

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally "disfavored" and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). For "immaterial [or] impertinent" matters, the purpose of Rule 12(f) motions to strike is for the parties and the Court "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd, reversed on other grounds* 510 U.S. 517 (1994).

**III. DISCUSSION**

In the Motion, Confluent challenges Slower's SACC on several grounds. First, Confluent argues that Slower has not added any new damages allegations to its trade secret claims and that its new "unjust enrichment" theory does not save the claims. Dkt. 71 at 15-17; Dkt. 79 at 3-4, 5-6. Second, Confluent argues that Slower also lacks standing to pursue injunctive relief for its trade secret claims. Dkt. 71 at 17; Dkt. 79 at 4-5. Third, Confluent argues that Slower's lacks standing to pursue its UCL claims, whether for restitution or injunctive relief. Dkt. 71 at 17-19; Dkt. 79 at 6-9. Finally, Confluent argues that Slower's UCL claims fail under both Rules 12(b)(6)

United States District Court
Northern District of California

and 9(b). Dkt. 71 at 20-22; Dkt. 79 at 9.

The Court will address only Confluent's first three arguments. As to the final argument, the Court notes that Slower's UCL claims to the extent they are based on the interactions with Customers B-F and trade secret misappropriation are essentially unchanged from the first amended counterclaims. *Compare* SACC at 16-23, 26-27 *with* Dkt. 47 at 20-27, 33-34. Confluent could have raised the Rule 12(b)(6) and Rule 9(b) challenges at-issue in its original motion to dismiss but chose not to do so. *Compare* Dkt. 71 at 17-19 *with* Dkt. 51 at 30. Accordingly, the Court deems these arguments waived at the pleading stage pursuant to Rule 12(g). *See Symantec Corp. v. Zscaler, Inc.*, No. 17-cv-04426-JST, 2018 WL 1456678, at *2 (N.D. Cal. Mar. 23, 2018) ("The plain text of Rule 12(g) prohibits a party from filing a second motion to dismiss on a ground that was available but omitted from an earlier motion to dismiss.").[1] The Court will, however, address Confluent's UCL-standing arguments even though they could have been raised earlier because, as Confluent points out, Article III standing may be raised at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Court begins with Confluent's challenges to the trade secret claims.

### A. Slower's Misappropriation Claims May Proceed

In its SACC, Slower abandons its claims to compensatory damages and pleads instead that it is entitled to damages for "any unjust enrichment of Confluent caused by this misappropriation." SACC ¶¶ 56, 66. In its opposition, Slower also advances a "reasonable royalty" theory, which is nowhere alleged in the counterclaims. *See* Dkt. 76 at 12-13. Confluent argues that Slower's

[1] Confluent argues that "Rule 12(g) should be read in light of the Federal Rules of Civil Procedure's policy favoring 'just, speedy, and inexpensive determination' of actions." *Symantec Corp.*, 2018 WL 1456678, at *2 (explaining *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017)). To be sure, the Court **may** elect to "review arguments offered for the first time in a second motion to dismiss" if judicial efficiency would be served by doing so. *Id*. But in this case, the Court does not find that judicial efficiency would be served by addressing Confluent's Rule 9(b) arguments: Even if the Court agreed with Confluent, it would likely grant limited leave to amend, which would further delay pleadings that have already been subject to lengthy delays. *See, e.g.*, Dkt. 67 at 4 (detailing procedural history of Slower's Franchise Tax Board suspension). The Court finds that in this case, it would be more efficient to hold Confluent to answer the counterclaims, settle the pleadings and let discovery on the counterclaims proceed.

United States District Court
Northern District of California

allegations remain insufficient as to damages and that the Court should disregard Slower's assertion of a reasonably royalty theory of recovery.

### 1. Slower's Unjust Enrichment Allegations Are Sufficient

The Court proceeds under the view that damages must be pleaded to support a claim of misappropriation.[2] The Court agrees with Slower, however, that it has sufficiently pleaded its unjust enrichment theory. Where there is a misappropriation of a trade secret, both the DTSA and CUTSA authorize "unjust enrichment" as a form of recovery, separate from actual loss. *See* 18 U.S.C. § 1836(b)(3)(B)(i) ("In a civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may … award … any unjust enrichment caused by the misappropriation of the trade secret that is not addressed in computing damages for actual loss[.]"); Cal. Civ. Code § 3426.3(a) ("A complainant also may recover for the unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss."). Confluent argues that Slower has pleaded "no new facts supporting unjust enrichment" and its allegations as they stand are insufficient, as well as that Slower was not granted "leave to amend as to this remedy." Dkt. 79 at 4.

First, while Slower does not add new factual allegations to support unjust enrichment as a theory of damages, (*compare* SACC ¶¶ 40-47 *with* Dkt. 47 ¶¶ 55-62), Slower did not previously plead, and so the Court did previously not analyze, unjust enrichment as a theory of damages. *See* Dkt. 67 at 9-10, 20-21. When a claimant refines their legal theory, the Court cannot simply discount it; "it must examine whether the theory of the case is a cognizable and, if so, supported by plausibl[e] factual allegations." *Yelp Inc. v. Google LLC*, No. 24-CV-06101-SVK, 2025 WL

[2] Slower argues as an initial matter that damages need not be pleaded under CUTSA. Dkt. 76 at 9-11 (citing, *Applied Med. Distribution Corp. v. Jarrells*, 100 Cal. App. 5th 556, 570-71 (2024)). Confluent counters by pointing to a different California appellate decision holding that damages are a pleading requirement. Dkt. 79 at 3 (citing, *e.g.*, *Sargent Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658, 1665 (2003)). Although there appears to be a division among the California courts of appeal on this issue, the Court has already decided that damages are an element that Slower is required to plead. *See* Dkt. 67 at 14-15. It did so in part because the authority *Slower* cited in its own opposition to Confluent's first motion to dismiss held as much. *See* Dkt. 63 at 16-17. Indeed, Slower never argued in that first opposition that damages were not a pleading requirement. *Id.* Accordingly, Slower cannot now advance that argument; the Court's prior decision is the law of the case.

2978394, at *4 (N.D. Cal. Oct. 22, 2025) (quoting *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017)). Accordingly, the lack of new facts is not fatal if the facts already in the counterclaims sufficiently support an unjust enrichment theory. The Court finds that they do. *See, e.g.*, SACC ¶¶ 46-47 ("Slower subsequently learned from two former Confluent employees that the Secret Framework had been shared by Confluent internally and with third-party target customers. … Kane shared a presentation containing Slower's Secret Framework, disguising the Secret Framework as Confluent work product … to new third-party accounts that Confluent was targeting and attempting to secure bypassing Slower."). By alleging that Confluent was disclosing the COE Framework to new third-party accounts that it was targeting, Slower has alleged facts supporting an inference that Confluent was benefited by its disclosure of the COE Framework. That is all that is required at the pleading stage. *Cf., e.g.*, *Ajaxo Inc. v. E*Trade Fin. Corp.*, 187 Cal. App. 4th 1295, 1304-05 (2010) ("A defendant's unjust enrichment is typically measured by the defendant's profits flowing from the misappropriation. … Where the plaintiff's loss does not correlate directly with the misappropriator's benefit, as is the case here, the problem becomes more complex. There is no standard formula to measure it. … Recovery is not prohibited just because the benefit cannot be precisely measured.").

Finally, the Court addresses Confluent's leave-to-amend-based argument. This Court gave Slower leave to amend "with regard to the limited issue of damages." Dkt. 67 at 21. Unjust enrichment is a theory of damages and is properly within the scope of the Court's grant of leave. However, Slower also adds a new allegation that Confluent improperly acquired the COE Framework "by falsely promising to maintain the secrecy of the [COE] Framework" and has realleged the previously dismissed allegation that Confluent "is misusing the appropriated Secret Framework for its own economic and reputational benefit." *Id.* ¶¶ 53, 63. These allegations do not relate to damages and are not within the Court's grant of leave, and accordingly the Court **STRIKES** them from the SACC (paragraphs 53 and 63 remain only insofar as they address the disclosure of "the Secret Framework without Slower's consent to third-party target customers.").

////

////

### 2. Slower's SACC Does Not Contain Seek a Reasonable Royalty, But Slower May Amend its Prayer for Relief to Add Such a Claim

In its opposition, Slower also argues that it is entitled to a reasonable royalty under the DTSA ("in lieu of" other damages) and CUTSA ("[i]f neither damages nor unjust enrichment caused by misappropriation are provable."). Dkt. 76 at 12-13 (quoting 18 U.S.C. § 1836(b)(3)(B)(ii) and Cal. Civ. Code § 3426.3(b), respectively). As Confluent points out, however, Slower may not amend its pleading by opposition. Dkt. 79 at 5-6. Even so, the Court must consider whether to grant leave to amend.

Amending Slower's Prayer for Relief to add a request for an alternative reasonable royalty, as expressly contemplated by the statutes, would appear trivial and would not prejudice Confluent. Confluent does not argue otherwise but argues that leave to amend would be futile because a reasonably royalty is available only for "Confluent's alleged *use* of the Framework." *Id.* at 6 (emphasis by Confluent). As the Court held in its Prior Order and as explained above, only improper disclosure is at issue in this action. *See* Dkt. 67 at 17-20; *supra*, § III.A.1. Confluent's argument appears correct as to CUTSA, but incorrect as to the DTSA. *Compare* Cal. Civ. Code § 3426.3(b) ("…the court may order payment of a reasonable royalty for no longer than the period of time *the use* could have been prohibited." (emphasis added)) *with* 18 U.S.C. § 1836(b)(3)(B)(ii) (a court may "award … a reasonable royalty for the misappropriator's unauthorized *disclosure or use* of the trade secret." (emphasis added)). CUTSA differs from the DTSA on this point. *See LBF Travel Mgmt. Corp. v. DeRosa*, No. 20-cv-2404-MMA-SBC, 2025 WL 1088200, at *4 (S.D. Cal. Apr. 11, 2025). Accordingly, the Court finds that it would be futile to permit Slower to seek a reasonable royalty under CUTSA, but not under the DTSA. The Court hereby **grants limited leave to amend**: Slower may add a request for a reasonably royalty for unauthorized disclosure under its first counterclaim to its prayer for relief.

////

////

////

////

United States District Court
Northern District of California

**3. Slower Has Standing to Seek Injunctive Relief**

Finally, Confluent argues that Slower lacks standing to pursue injunctive relief because "Slower has pleaded no factual allegations to suggest that Confluent has continued to disclose the Framework after the parties' business relationship ended years ago." Dkt. 71 at 17. This argument is not well-taken. As Confluent points out, a plaintiff must allege a "real and immediate threat of repeated injury in the future" to establish standing to pursue an injunction. *Id.* (citing *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011)). However, as *Chapman* explained, "past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury." *Id.* at 948. Particularly at the pleading stage, the Court finds Slower's allegations that Confluent has previously disclosed the COE Framework for its alleged personal gain sufficient to infer a real and immediate threat that Confluent would do so again. *See* SACC ¶¶ 47. Confluent's argument to the contrary is that its business relationship with Slower has ended, and so the Court should infer that Confluent will not disclose the COE Framework going forward, (*see* Dkt. 71 at 17), is unpersuasive.[3]

* * *

In sum, Slower's misappropriation claims may proceed on theories of unjust enrichment and for injunctive relief. Moreover, Slower may amend its DTSA claim only (and its Prayer for Relief) to seek a reasonable royalty for unauthorized disclosure. Confluent's motion to dismiss on these grounds is thus **DENIED**.

**B. Slower Concedes it Lacks Standing to Pursue any UCL Remedies for Conduct Relating to its Customers B-F Theory. Slower's UCL Claim May Proceed Insofar as it Is Based on its Misappropriation Theory**

"[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each

[3] In its reply, Confluent also argues that Slower "ignores Confluent's authority stating that there is no 'freestanding right to seek injunctive relief based on conduct that has ended'" and so concedes the issue. *Id.* at 5 (referring to and quoting *Bruton v. Gerber Prods. Co.*, 2018 WL 1009257, at *7 (N.D. Cal. 2018)). This argument is not well-taken. There is no requirement for a party to address each and every authority or each and every sentence raised by the opposing side; such a requirement would be inane. The question of concession is whether Slower has addressed the underlying issue, and it has. In any case, the Court addresses *Bruton* now: that case arose on a motion to certify an injunctive class and, accordingly, the court took evidence and ruled without drawing all inferences in the non-moving party's favor. That is quite different from the pleading challenge here.

claim that they press and for each form of relief that they seek[.]" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). As Confluent points out and Slower does not dispute, restitution and injunctive relief are generally the only available remedies under the UCL. *See Cel-Tech Commc'ns, Inc v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999) (citing Cal. Bus. & Prof. Code § 17203) ("Prevailing plaintiffs are generally limited to injunctive relief and restitution."). Confluent argues that Slower has not pleaded sufficient facts to show standing for either remedy. The Court addresses Slower's standing as to each UCL remedy in turn.

**1. Restitution is Available Only to the Extent it Arises from the Unauthorized Disclosure of the COE Framework**

As to restitution, Confluent argues that based on the facts alleged by Slower this Court could not order any restitution under the UCL and, accordingly, Slower's injury is not redressable. Dkt. 71 at 17-18. That is because, Confluent argues, restitution under the UCL reaches only "'profits earned as a result of an unfair business practice'" that "'represent money taken directly from persons who were victims of the unfair practice.'" *Samet v. Proctor & Gamble Co.*, No. 12-cv-01891-RS, 2019 WL 13167115, at *8 (N.D. Cal. Jan. 15, 2019) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1145 (2003)). Any restitution beyond that amount is "[n]onrestitutionary disgorgement" which is "akin to an impermissible damages remedy under the UCL." *Id.* (citing *Korea Supply Co.*, 29 Cal. 4th at 1150-51).

Slower concedes it cannot seek restitution based on the Customer B-F UCL theory by failing to meaningfully address it in opposition. *See* Dkt. 76 at 16-17. As to its misappropriation theory, Slower does not disagree that restitution under the UCL must be based on Slower's loss but argues that the UCL permits restitution for lost "money *or property*, real or personal, which may have been acquired by means of such unfair competition." Dkt. 76 at 17 (quoting Cal. Bus. & Prof. Code § 17203) (emphasis by Slower). The Court agrees with Slower in this regard: Unauthorized disclosure of a trade secret is a violation of one's property right in the trade secret, even if it is intangible. *See, e.g.*, *DVD Copy Control Assn., Inc. v. Bunner*, 31 Cal. 4th 864, 880-81 (2003) ("[T]rade secret law creates a property right defined by the extent to which the owner of the secret protects his interest from disclosure to others. … [T]he right to exclude others [from

disclosing or using the trade secret] is central to the very definition of the property interest."). Accordingly, although there is no improper acquisition claim present in this case, Slower may pursue restitution based on the unlawful disclosure of the COE Framework. This narrows the scope of Slower's UCL claim as discussed in Section III.B.3., below.

#### 2. Slower Does not Seek Injunctive Relief as to the Customer B-F Theory

As to injunctive relief, Confluent points out that Slower seeks injunctive relief only related to its misappropriation-based UCL theory and that, in any case, Slower fails to allege any facts supporting that the "allegedly false statements to Customers B-F are continuing or have any likelihood of continuing in the future." Dkt. 71 at 19 n.5. The Court agrees and accordingly incorporates its analysis above with respect to injunctive relief for Slower's trade secret claims. *See, supra*, § III.A.3.

#### 3. Slower's UCL Claim is Dismissed as to Customers B-F and Remains Only Insofar as it Relates to the Alleged Misappropriation

Based on the allegations of Slower's SACC, the only redressable injury in this case is Confluent's unauthorized disclosure of the COE Framework. Accordingly, to the extent Slower's UCL claim is directed to Confluent's "false and misleading statements about Slower," (*see* SACC ¶ 71), it must be **DISMISED**. Confluent's Motion is accordingly **GRANTED IN PART** and **DENIED IN PART** as to the UCL Claim.

### C. Slower's Customer B-F Allegations Are Stricken, and Paragraphs 53 and 63 Are Stricken in Part

Finally, Confluent asks this Court to strike paragraphs 44, 53 and 63 of Slower's trade secret claims as outside the scope of the Court's grant of leave to amend and asks the Court to strike any allegations "keyed to dismissed claims or remedies." Dkt. 71 at 23-24. Slower does not oppose the striking of allegations keyed to dismissed claims or remedies. *See* Dkt. 76 at 17 n.5. However, as to the trade secret allegations relating to acquisition, Slower argues that the conduct related to acquisition "buttresses Slower's claim that Confluent engaged in wrongful conduct in misappropriating Slower's trade secret." *Id.*

As to the dismissed UCL claims, the Court accordingly **STRIKES** now irrelevant and

immaterial allegations. Accordingly, the Court **STRIKES** paragraphs 20-22, 25-27, 29-31, 33-35, 37-39 and 69-72 (except as to conduct related to trade-secret misappropriation).

As to paragraphs 53 and 63, these paragraphs do not contain well-pleaded factual allegations but rather seek to re-allege Slower's improper acquisition and use theories. Accordingly, as already explained in Section III.A.1., above, these paragraphs are **STRICKEN IN PART** (they remain only to the extent they address Confluent's "disclosing the Secret Framework without Slower's consent to third-party target customers.").

Finally, the Court agrees with Slower as to paragraph 44. Motions to strike are generally "disfavored" and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). Paragraph 44 contains a factual allegation relating to the circumstances under which Confluent acquired the COE Framework and the Court cannot say that it "clearly could have no possible bearing" on Slower's unauthorized disclosure claims, *e.g.*, because discovery into the conversation at issue may reveal the extent to which disclosure was or was not authorized. *See* SACC ¶ 44 (alleging that Mr. Kane "promised Shah and Redlingshafer that he would not share the Secret Framework with anyone…").[4]

Accordingly, Confluent's request to strike certain allegations is **GRANTED IN PART** and **DENIED IN PART** as indicated herein.

## IV. CONCLUSION

For the foregoing reasons, Confluent's Motion is **GRANTED IN PART** and **DENIED IN PART**. Slower's UCL claim is **DISMISSED with prejudice** to the extent it is based on the Customer B-F theory; Slower's misappropriation and UCL claims based on unauthorized or unlawful disclosure of the COE Framework remain.

**No later than July 23, 2026**, Slower shall serve a third amended answer and counterclaims that removes material this Court has stricken and/or dismissed. Additionally, Slower may amend its Prayer for Relief only to add a request for a reasonably royalty for

[4] The Court also **STRIKES** the last sentence of paragraph 47, as Slower invites. Dkt. 76 at 17 n.5

United States District Court
Northern District of California

unauthorized disclosure based on violation of the DTSA. Slower may not add any other factual allegations or claims without seeking leave.

**No later than 21 days** after Slower serves its third amended answer and counterclaims, Confluent shall answer the counterclaims.

**SO ORDERED.**

Dated: July 16, 2026

SUSAN VAN KEULEN
United States Magistrate Judge